Lisa Counters, SBN 016436
The Counters Firm, P.C.
20987 N. John Wayne Parkway
Suite B104-381
Maricopa, AZ  85239
Lisa@countersfirm.com
Voice:  (602) 490-0030
Fax: (888) 683-8397
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gail Barnes,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Aegis Mortgage Corporation Group Disability Plan; and Hartford Life and Accident Insurance Co., a foreign insurer,<br><br>　　　　　　　　　　Defendants. | Case No. :<br><br>**COMPLAINT** |

For her claim against Defendants, Gail Barnes ("Barnes") alleges as follows:

### JURISDICTION AND VENUE

1. Barnes is a resident of Maricopa County, Arizona.

2. Defendant Hartford Life & Accident Insurance Company ("Hartford") is a foreign insurer, authorized to do business and engaged in business in the State of Arizona.

3. Aegis Mortgage Corporation Group Disability Plan ("Plan") is a purported ERISA benefit plan established and maintained by Aegis Mortgage Corporation ("Aegis") for the benefit of its employees.  The Plan offered long-term disability benefits.

4. The Plan is part of a purported ERISA employee welfare plan, established, funded, and maintained by Aegis and administered by Hartford.

5. The Plan allocates discretion to Hartford.

6. Hartford is a Plan Fiduciary as defined by ERISA.

7. This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because the Plan and Hartford have caused events to occur in Arizona out of which Barnes's claims arise.

8. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

9. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## **GENERAL ALLEGATIONS**

10. Aegis provided certain employees with long-term disability insurance pursuant to the Plan.

11. At all relevant times, Barnes was an Aegis employee, became a covered individual under the Plan, and remained continuously employed.

12. Barnes qualified for the Long Term Disability Benefits under the Plan on May 14, 2007.

13. The terms of the Plan state that Hartford will pay long-term disability benefits to Barnes if Hartford determines that she is prevented from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are less than 80% of your Indexed Pre-disability Earnings. After 24 months, Barnes must be prevented from performing one or more of the Essential Duties of Any Occupation.

14. An "essential duty" means, under the terms of the plan, a duty that 1) is substantial, not incidental; 2) fundamental, or inherent to the occupation; and 3) can not be reasonably omitted or changed. The ability to work a regular number of hours is also an Essential Duty.

15. Prior to becoming disabled, Barnes was an mortgage underwriter for Aegis.

16. Barnes suffers from cervical and lumbar degenerative discogenic spondylosis, cervical spinal stenosis, chronic pain, and lumbago. These conditions prevent her from

performing her occupation or any other occupation for which she is qualified by training, education or experience.

17. Hartford approved Barnes' claim for long-term disability and paid benefits until November 26, 2008.

18. Barnes timely appealed Hartford's denial.

19. Hartford issued its final denial of Barnes's claim on August 3, 2009.

20. Barnes continues to be totally disabled as defined by the Plan.

21. Barnes has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

22. Barnes incorporates and realleges all previous allegations.

23. Aegis is the Plan Administrator.

24. Hartford and the Plan promise to provide long-term disability benefits until Barnes is no longer disabled under the terms of the Plan.

25. Barnes became disabled in February 2007, continues to be disabled and is unable to perform any occupation, and has claimed the benefits under the Plan to which she is entitled.

26. Despite the coverage of Barnes's long-term disability, Hartford has improperly denied long-term disability benefits to Barnes in breach of the Plan.  This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

27. Hartford is the claim payer and the decisionmaker and, therefore, it is a conflicted fiduciary.

28. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Barnes is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the terms of the Plan.  Barnes is further entitled, under the terms of ERISA, 29 U.S.C. § 1132(a)(1)(B)

and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of her rights to future benefits under the Plan.

29. Pursuant to 29 U.S.C. § 1132(g), Barnes is entitled to recover her attorneys' fees and costs incurred herein from Hartford and the Plan.

30. Barnes is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled, i.e., 10% pursuant to A.R.S. § 20-462.

WHEREFORE, Barnes prays for entry of judgment against Hartford as follows:

A. For all past and future benefits due Barnes under the terms of the Plan;

B. Enforcing Barnes's rights under the terms of the Plan;

C. Clarifying and determining Barnes's rights to future benefits under the terms of the Plan;

D. For an award of Barnes's attorneys' fees and costs incurred herein;

E. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F. For such other and further relief as the Court deems just and reasonable.

Dated: January 25, 2010.

                                THE COUNTERS FIRM, P.C

                                By: /s  Lisa J. Counters
                                      Lisa Counters